UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PATRICK HENRY,

                        Plaintiff,

      - against -

THE CITY OF NEW YORK, "JANE DOE 1-3" and
"JOHN DOE," the names being fictitious and
presently unknown, being employees of the New
York City Department of Correction,

                        Defendants.

------------------------------------------------------------------------x

FIRST AMENDED COMPLAINT
07 CV 9928 (DAB)(DCF)

**Jury Trial Demanded**

       Patrick Henry, by his attorney, Matthew Flamm, alleges the following as his First Amended Complaint:

Nature of the Action

       1.     This civil rights action arises from the defendants' August 13, 2006 unlawful failure to protect Patrick Henry while plaintiff was imprisoned in a City-run jail on Rikers Island.  Plaintiff sustained substantial injuries, including a fractured vertebra and nose.  Mr. Henry seeks declaratory relief pursuant to 28 U.S.C. §2201 and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

Jurisdiction and Venue

       2.     This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff asks this Court to exercise pendent jurisdiction over those state

law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. Pursuant to 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events forming the basis of plaintiff's Complaint occurred in that District.

## Notice of Claim

4. On or about October 29, 2006, and within ninety days after the claims arose, plaintiff caused a Notice of Claim to be served upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5. The Notice of Claim was in writing and was sworn to by the plaintiff.

6. The Notice of Claim contained the name and post office address of the plaintiff, the nature of the claims, the time when, the place where, and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

7. The Comptroller's office assigned the claim number 2006PI027017.

8. Defendant City of New York has failed to adjust the claims within the statutory time period.

9. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Parties

10. Plaintiff Patrick Henry is a citizen of the United States of America who, at all times relevant, was a pretrial detainee in the custody and control of the City of New York and its employees. On and before August 13, 2006, Mr. Henry was housed in the George R. Vierno Center, a correctional facility located on Rikers Island, in the County of the Bronx, New York.

11. Defendant City of New York is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and maintains a Department of Correction as a constituent department. At all times relevant, the City of New York employed the defendants more fully identified below.

12. Defendants "JANE DOE 1-3" and "JOHN DOE" (collectively the "individual defendants") were, at all times relevant, duly appointed and acting employees of the New York City Correction Department assigned to the George R. Vierno Center.

13. Defendant "John Doe" is a Correction Captain with responsibility for and supervision of the conduct of the other individual defendants.

14. The individual defendants were at all times relevant agents, servants, and employees acting within the scope of their employment by defendant City of New York.

15. At all times relevant, the individual defendants were acting under color of state law.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

16. On August 13, 2006, Patrick Henry was in his cell block, 13 A, in the George R. Vierno Center ("GRVC").

17. That morning, there was a gang-related inmate fight in Mr. Henry's housing area.

18. Mr. Henry, who was and is not a gang member and was not participating in the fight, intervened and assisted in ending the altercation. Mr. Henry was not injured in the incident and did not receive an infraction for the intervention in the fight.

19. All participants and Mr. Henry were removed from the cell block. Mr. Henry was taken for a time to the GRVC Receiving Room.

20. Despite the known and foreseeable risk of retribution by gang members against Mr. Henry for his intervention in the fight, defendant John Doe directed that Mr. Henry be returned to the cell block.

21. Defendants Jane Doe 1-3 were posted to Mr. Henry's housing area, were present during the fight, were present when Mr. Henry returned and knew of the foreseeable risk Mr. Henry faced. These defendants, as well as defendant John Doe, were responsible for the care, custody and control of Mr. Henry and the other inmates housed in the cell block.

22. Plaintiff had not been back but for perhaps five minutes when he was savagely attacked by a group of inmates who belonged to the Crips. The Department of Correction had a *de facto* policy of concentrating members of the Crips in Block 13.

23. Curiously, Jane Doe 1-3 were not at their posts when plaintiff was attacked. Correction personnel did not arrive to intervene for several minutes.

24. Mr. Henry was examined at the GRVC clinic at approximately 4:25 p.m. and found to have a swollen right forehead and left occipital region, left periorbital and left zygomatic swelling and erythema, a hemorrhage to his left sclera, a swollen upper lip, multiple contusions and posterior neck pain. He was placed in a cervical collar and thereafter transported to East Elmhurst Hospital.

25. At East Elmhurst Hospital, Mr. Henry was found to have, among other injuries, an anterior wedge compression fracture of the C-5 vertebrae, a minimally displaced left nasal bone fracture and a subconjunctival hemorrhage to his left eye.

26. Plaintiff was returned to Rikers Island and transferred to the North Infirmary Command, the hospital prison ward on Rikers Island.

27. The individual defendants, by failing to take any steps to protect plaintiff from the danger posed by other inmates, created a high degree of risk of physical harm to the plaintiff and were deliberately indifferent to that risk.

28. Despite the attack and a realistic opportunity to intervene therewith, defendants Doe 1 and 2 took no action to prevent or end the incident.

29. Upon information and belief, defendant Doe 3 learned of the assault, failed to investigate the incident or take appropriate action to remedy the wrong done to the plaintiff by the inmates or by defendants Doe 1 and 2.

30. As a result of the incident, Mr. Henry suffered emotional shock and pain.

31. As a result of the assault permitted or caused by the individual defendants, Mr. Henry suffered a fractured vertebrae and nose as well as other physical injuries.

32. At all times relevant, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and well-being.

FIRST CLAIM FOR RELIEF
FOR DEFENDANTS' FAILURE TO PROTECT
PLAINTIFF UNDER THE UNITED STATES CONSTITUTION

33. By the actions described above, including the failure to protect plaintiff from known risks posed by other inmates, the individual defendants deprived or caused plaintiff to be deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

34. As a consequence thereof, Mr. Henry has been injured.

SECOND CLAIM FOR RELIEF FOR ASSAULT

35. By the actions described above, the defendants intentionally caused and allowed plaintiff to be placed in apprehension of imminent harmful and offensive contact.

36. As a consequence thereof, Mr. Henry has been injured.

THIRD CLAIM FOR RELIEF FOR BATTERY

37. By the actions described above, defendants intentionally caused and allowed plaintiff to be struck in a harmful and offensive manner.

38. As a consequence thereof, Mr. Henry has been injured.

## FOURTH CLAIM FOR RELIEF FOR NEGLIGENCE

39. By reason of the foregoing, defendant City of New York's agents, servants and employees failed and refused to use such care in the performance of their duties as reasonably prudent Correction employees would have used under similar circumstances, thereby causing injury to Mr. Henry.

40. By reason of the foregoing, defendant City of New York's agents, servants and employees, including Correction personnel in a supervisory capacity and with direct supervision of and responsibility for the conduct of the individual defendants herein, failed properly to supervise subordinates or to otherwise take action to remedy the wrong done to Mr. Henry. Defendant City of New York allowed Crips gang members to be concentrated in Mr. Henry's housing area, thereby increasing the risk of harm to non-gang members such as plaintiff. The City of New York was grossly negligent in supervising the individual defendants by, among other things, failing to properly investigate the incident, and failing to take disciplinary action against or remedial measures directed to the individual defendants.

41. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its Correction Department personnel.

42. The City's failure properly to assign, train, supervise or discipline its Correction employees, including the personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional conduct and created the atmosphere allowing the individual defendants to believe that they could allow the plaintiff to be attacked with impunity.

43.  As a consequence thereof, Mr. Henry has been injured.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### JOHN DOE FOR IMPROPER SUPERVISION OF SUBORDINATES

44.  Defendant John Doe is employed by the New York City in a supervisory capacity with direct supervision of and responsibility for the conduct of the other Correction personnel named as defendants herein.

45.  Defendant John Doe directly participated in the events underlying this lawsuit, and failed properly to supervise his subordinates or to otherwise take action to remedy the wrong done to Mr. Henry.  Defendant John Doe was grossly negligent in supervising the other individual defendants by, among other things, failing to investigate the incident and failing to take disciplinary action.

46.  As a consequence thereof, Mr. Henry has been injured.

### SIXTH CLAIM FOR RELIEF
### FOR FAILURE TO INTERVENE TO PREVENT
### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

47.  By the actions described above, the individual defendants failed to intervene to prevent or end the unlawful conduct to which plaintiff was subjected, despite having a reasonable opportunity to do so.

48.  As a consequence thereof, plaintiff has been injured.

### SEVENTH CLAIM FOR RELIEF FOR VIOLATING
### PLAINTIFF'S RIGHTS UNDER NEW YORK STATE CORRECTION LAW

49.  By the actions described above, the individual defendants deprived plaintiff of his rights secured under New York State Correction Law sections 500-K and 137(5).

50.  As a consequence thereof, Mr. Henry has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)  Declaratory relief as follows:
1.  A declaration that plaintiff's rights under the Fourteenth Amendment to the United States Constitution were violated;
3.  A declaration that plaintiff's rights under New York State Correction Law sections 500(k) and 137(5) were violated;

(B)  Compensatory damages in an amount to be fixed at trial;

(C)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)  An award to plaintiff of the costs and disbursements herein;

(E)  An award of attorney's fees under 42 U.S.C. §1988; and

(F)  Such other and further relief as this Court may deem just and proper.

Dated: November 29, 2007
Brooklyn, New York

_____
MATTHEW FLAMM **MF1309**
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117