UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x------------------------------------------------------------------x

PATRICK HENRY

                                       Plaintiff,

                                    -against-

THE CITY OF NEW YORK; and "JOHN DOE" 1-3, the names being fictitious and presently unknown, being employees of the New York City Department of Correction,

                                     Defendants.

**ANSWER**

**07 CV 9928 (DAB)**

**JURY TRIAL DEMANDED**

x------------------------------------------------------------------x

Defendant THE CITY OF NEW YORK ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges as follows:

      1.      Denies each and every allegation set forth in paragraph "1" of the complaint, except admits that plaintiff purports to characterize this action as stated therein and to seek the relief stated therein.

      2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      3.      Denies the allegation set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

      4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that a document purporting to be a notice of claim was signed by the plaintiff and filed with the New York City Comptroller's Office on October 29, 2006.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that the document purporting to be a notice of claim was signed in writing by the plaintiff according to the notary stamp thereon.

6. Denies the allegations set forth in paragraph "6" of the complaint and respectfully refers the Court to the purported Notice of Claim for its content and meaning.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff's claim has not been adjusted or paid.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits plaintiff's complaint was filed on November 9, 2007.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that the City of New York maintains a police department.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint..

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint..

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint..

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies each and every allegation set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding emotional shock and pain.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies each and every allegation set forth in paragraph "37" of the complaint.

38. Denies each and every allegation set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies each and every allegation set forth in paragraph "40" of the complaint.

41. Denies each and every allegation set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies each and every allegation set forth in paragraph "43" of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies each and every allegation set forth in paragraph "46" of the complaint.

47. Denies each and every allegation set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The complaint fails in whole or in part to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. The City has not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the complaint, the City acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. To the extent plaintiff asserts state law claims against the City such claims should be barred by the doctrine of governmental immunity for discretionary, policy-making and/or judgmental functions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. Any injury alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the City.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. To the extent plaintiff alleges any claims arising under the laws of the State of New York, plaintiff is barred by the applicable limitations period.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff can not recover punitive damages from the City of New York.

**WHEREFORE**, defendant THE CITY OF NEW YORK requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 19, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant CITY OF NEW YORK
100 Church Street, Room 3-146
New York, New York 10007
(212) 788-1894

By: _____
    David M. Pollack (DP3873)
    Attorney Special Federal Litigation Division

TO:  Matthew Flamm, Esq. (By ECF)
     Law Offices of Matthew Flamm
     26 Court Street, Suite 600
     Brooklyn, New York 11242